IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| Sandra Vicioso, | Civil Action No.: 5:13-cv-00832 |
| Plaintiff, | |
| v. | |
| Receivable Asset Management, Inc. d/b/a Kramer & Associates, | **COMPLAINT** <br> **JURY TRIAL DEMANDED** |
| Defendant. | |

For this Complaint, the Plaintiff, Sandra Vicioso, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), and the North Carolina Fair Debt Collection Practices Act, by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Sandra Vicioso ("Plaintiff"), is an adult individual residing in Wake Forest, North Carolina, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Plaintiff is also a "consumer" as defined by North Carolina's Prohibited Practices by Collection Agencies at N.C.G.S. § 58-70-90(2).

6. Defendant Receivable Asset Management, Inc. d/b/a Kramer & Associates ("Kramer"), is a New Jersey business entity with an address of 401 Hackensack Avenue, 9th Floor, Hackensack, New Jersey 07601, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

7. Upon information and belief, Kramer is engaged in the business of collecting defaulted debts from North Carolina consumers by telephone and mail.

8. The alleged debt in this matter is a "debt" as that term is defined by the FDCPA at 15 U.S.C. § 1692a(5) (hereinafter, the "Alleged Debt").

9. Kramer was and is a "collection agency" as defined by N.C.G.S. § 58-70-15(b) and 58-70-90(1).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.     The Alleged Debt**

10. Defendant informed Plaintiff that it was collecting on a debt which was a payday loan.

11. Payday lending is the offering, arranging and making of small, short term consumer loans at high interest rates.

12. Payday loans are unlawful in North Carolina.

13. The North Carolina General Assembly authorized payday lending in the form of delayed deposit check cashing on a trial basis from 1997 through August 2001. See former N.C.G.S. § 53-281.

14. However, the General Assembly declined to renew the payday lending authorization after the statutory "sunset" date of August 31, 2001.

2

15. The Alleged Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

16. Plaintiff did not ever take out a payday loan.

17. Regardless, Defendant attempted to collect the Alleged Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B. Kramer Engages in Harassment and Abusive Tactics**

18. Within the last year, Kramer contacted Plaintiff in an attempt to collect the Alleged Debt by sending Plaintiff a collection letter in the mail.

19. Immediately after receipt of Kramer's initial letter, Plaintiff in writing disputed the validity of the debt and requested validation. In the same letter, Plaintiff informed Kramer that she did not wish to be contacted by telephone and directed Kramer to communicate with her in writing only.

20. Kramer failed to respond to Plaintiff's letter and instead began calling Plaintiff in an attempt to collect the Alleged Debt, despite having been directed by Plaintiff to communicate with her via U.S. mail only.

21. Kramer called Plaintiff's cellular telephone at an excessive rate, placing four to five calls daily.

22. In addition to repeated calls to Plaintiff's cellular phone, Kramer called Plaintiff's place of employment in an attempt to collect the Alleged Debt.

23. Plaintiff informed Kramer that the calls to her workplace were inconvenient and prohibited by the policy of her employer.

24. Thereafter, despite having been so informed, Kramer continued calling Plaintiff at her place of employment. These calls to Plaintiff's workplace caused a great deal of distress and frustration to Plaintiff.

25. Moreover, on one occasion Kramer spoke with Plaintiff's co-worker and disclosed the nature of the call to her, causing embarrassment to Plaintiff.

26. During a later conversation with Plaintiff, Kramer threatened to "enter a judgment" against her if the Alleged Debt was not paid immediately. To date, no legal action against Plaintiff has been filed by Kramer.

27. In an effort to avoid a judgment and to cease collection activity, Plaintiff agreed to settle the Alleged Debt for the total amount of $451.00. Plaintiff provided Kramer with her bank account information and authorized one time withdrawal of $451.00 to settle the Alleged Debt in full.

28. Kramer took agreed upon payment from Plaintiff's account and further continued calling Plaintiff demanding more payments.

29. Although the $451 and two other simultaneous payments of $13 each were later refunded to Plaintiff, Kramer continues to call demanding payment.

### C. Plaintiff Suffered Actual Damages

30. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

31. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

32. The Defendant's conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I

## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, *et seq.*

33. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34. The Defendant's conduct violated 15 U.S.C. § 1692c(a)(3) in that Defendant contacted the Plaintiff at her place of employment, knowing that the Plaintiff's employer prohibited such communications.

35. The Defendant's conduct violated 15 U.S.C. § 1692c(b) in that Defendant communicated with individuals other than the Plaintiff, the Plaintiff's attorney, or a credit bureau.

36. The Defendant's conduct violated 15 U.S.C. § 1692c(c) in that Defendant contacted the Plaintiff after having received written notification from the Plaintiff to cease communication.

37. The Defendant's conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

38. The Defendant's conduct violated 15 U.S.C. § 1692d(5) in that Defendant caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

5

39. The Defendant's conduct violated 15 U.S.C. § 1692e in that Defendant used false, deceptive, or misleading representation or means in connection with the collection of a debt.

40. The Defendant's conduct violated 15 U.S.C. § 1692e(2) in that Defendant misrepresented the character, amount and legal status of the Alleged Debt.

41. The Defendant's conduct violated 15 U.S.C. § 1692e(5) in that Defendant threatened to take legal action, without actually intending to do so.

42. The Defendant's conduct violated 15 U.S.C. § 1692e(10) in that Defendant employed false and deceptive means to collect a debt.

43. The Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect a debt.

44. The Defendant's conduct violated 15 U.S.C. § 1692g(b) in that Defendant continued collection efforts even though the Alleged Debt had not been verified.

45. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

46. The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II

## VIOLATIONS OF THE NORTH CAROLINA FAIR DEBT COLLECTION PRACTICES ACT, N.C. Gen.Stat. § 58-70, *et seq.*

47. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

48. The Plaintiff is a "person" as the term is defined by N.C. Gen.Stat. § 58-70-6(4).

49. The Defendant is a "collection agency" as the term is defined by N.C. Gen.Stat. § 58-70-15, and is duly licensed to collect debt in the state of North Carolina pursuant to N.C. Gen.Stat. § 58-70-1.

50. The Defendant used conduct, the natural consequence of which was to oppress, harass, or abuse Plaintiff in the attempt to collect any debt, in violation of N.C. Gen. Stat. § 58-70-100, including, but not limited to:

    a. Threatening to garnish Plaintiff's wages;

    b. Placing telephone calls or attempting to communicate with Plaintiff, contrary to her instructions, at her place of employment;

    c. Communicating with a person or persons other than the Plaintiff in attempts to collect the Alleged Debt;

    d. Falsely representing the character, extent, or amount of the Alleged Debt or its status in any legal proceeding;

    e. Causing a telephone to ring, or engaging any person in telephone conversation, with such frequency as to be unreasonable or constitute a harassment to the person under the circumstances;

    f. Attempting to debit Plaintiff's bank account without authorization;

    g. Continuing to contact Plaintiff even after receiving written notification to cease and desist.

# COUNT III

# VIOLATION OF THE NORTH CAROLINA UNFAIR TRADE PRACTICES ACT, N.C. Gen.Stat. § 75-1.1, *et seq.*

51. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

52. The Defendant's unfair or deceptive acts to collect the Alleged Debt occurred in commerce, in violation of N.C. Gen.Stat. § 75-1.1.

53. The Plaintiff suffered mental anguish, lost wages and other damages in an amount to be proven at trial.

54. Defendant's failure to comply with these provisions constitutes an unfair or deceptive act under N.C. Gen.Stat. § 75-1.1 and, as such, the Plaintiff is entitled to damages plus reasonable attorney's fees.

# PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant;

4. Actual damages pursuant to N.C. Gen.Stat. § 58-70-130(a);

5. Statutory damages of $4,000.00 for each violation pursuant to N.C. Gen.Stat. § 58-70-130(b) or N.C. Gen. Stat. . § 75-56.

6. Attorney's fees pursuant to N.C.G.S. § 75-16.1;

7. Punitive damages; and

8. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: December 4, 2013

Respectfully submitted,

By: ___*/s/ Ruth M. Allen*___

Ruth M. Allen, Esq.
Bar Number: 34739
7413 Six Forks Road, Suite 326
Raleigh, NC 27615
Email: rallen@lemberglaw.com
Telephone: (855) 301-2100 Ext. 5536
Facsimile: (888) 953-6237
Attorney for Plaintiff

Of Counsel To:

Sergei Lemberg, Esq.
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

9

Case 5:13-cv-00832-D   Document 1   Filed 12/04/13   Page 9 of 9